## ADVERTISERS SERVICE COMPANY v. FARNHAM PRINTING & STATIONERY COMPANY.[1]

June 16, 1922.

No. 22,892.

**Work and labor—amendment of complaint—incorporation of plaintiff.**

1. The court did not err in allowing in the progress of the trial an amendment to the complaint alleging that at a stated time after the commencement of the work sued for and before it was completed the plaintiff was incorporated and succeeded to the business and property of a copartnership of substantially the same name with which the arrangement for doing the work was made, nor in refusing a continuance because of such amendment. The issue was upon the question of reasonable value; and the defendant was liable for work done after the incorporation either on actual contract or in quasi-contract and the evidence and measure of recovery were the same in each.

**Books of account admissible.**

2. There was no error in receiving in evidence the books of account and records of the plaintiff.

**Reasonable value of work.**

3. The trial court's finding of reasonable value is sustained.

[1]Reported in 188 N. W. 1010.

Action in the district court for Hennepin county to recover $3,-048.70 for services and material furnished. The case was tried before Hale, J., who made findings and ordered judgment in favor of plaintiff. From an order denying its motion for amended findings or for a new trial, defendant appealed. Affirmed.

*Brady, Robertson & Bonner*, for appellant.

*Rieke & Hamrum*, for respondent.

DIBELL, J.

Action to recover $3,048.70, the balance alleged to be due for services and material furnished the defendant between March 5, 1920, and September 1, 1920, in mounting photos, retouching and putting in backgrounds, etc., in the production of an advertising catalogue which the defendant was making for one of its customers.

The complaint alleged that the reasonable value and agreed price was $11,728.70, and that $8,680 had been paid, leaving the balance stated. The defendant admits the performance of the work, but denies that the value was in excess of $7,106.20, and claims an overpayment to the extent of $1,573.80, for which amount it counterclaims. The court found in favor of the plaintiff for $3,048.70. The defendant appeals from the order denying its motion for a new trial.

1. Soon after the opening of the trial it developed from the evidence that the defendant was incorporated in July, 1920, while the work was in progress. The plaintiff moved to amend by alleging a prior partnership under substantially the same name, the incorporation in July, and the transfer of the partnership assets to the corporation. The motion was granted, and a continuance because of the amendment was refused. The defendant assigns error.

There was no prejudice coming from the amendment. That work was done was admitted. It was accepted and was satisfactory. The parties knew what they were quarreling about and their evidence was at hand. The real controversy was over reasonable value. Were the change from copartnership to corporation such that it could not be held that there was an express or implied in fact contract between the plaintiff corporation and the defendant, there would be a right of recovery in quasi-contract, the evidence would

be the same, and the measure and amount of recovery the same reasonable value. There was no error. The ruling should not have been different.

2.   There was received in evidence the order book, journal, cash book and ledger of the plaintiff; also the original "job tickets" on which were entered the charges for labor and material. The latter were offered by the defendant, and the plaintiff's officers were cross-examined upon them. The defendant's method of doing business was to make out a "job ticket" when a piece of work was ordered and upon it to carry the charges until the work was finished, and later to carry the result to its books. All the accounts which the plaintiff had were produced, and they were supplemented by oral testimony.

3.   The evidence sustains the court's finding of the reasonable value. There is a marked spread between the amount the plaintiff paid per hour for labor and the per hour charge made to the defendant. The plaintiff had its overhead charge, the cost of conducting business, necessary losses in the course of it, and an expected profit. The testimony of the expert witness produced by the defendant largely justifies the charges. The question of the reasonable value of just what was furnished was one of fact for the trial court. It might have found the value less, but its finding is sustained by the evidence. There may be some discrepancies, but we are unable to find anything vital.

Order affirmed.